NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| KATHERINE COFFMAN, et al. | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | **OPINION** |
| vs. | Civil Action No.10-CV-03663(DMC)(MF) |
| PRUCO LIFE INSURANCE COMPANY, | |
| Defendant. | |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon motion by Pruco Life Insurance Company ("Pruco Life" or "Defendant") to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). Pursuant to Fed. R. Civ. P. 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court for the reasons herein expressed that Defendant's motion to dismiss is **granted**.

I.  **Background**[1]

Plaintiff Katherine Coffman ("Plaintiff") purchased a "PRUvider Variable Appreciable Life Insurance Policy"(the "Policy"), dated June 16, 1996, with an initial face amount of $10,000. Pruco Life sold Plaintiff, and the putative class, life insurance polices containing a death benefit; certain charges; and an investment, interest-bearing, or savings component.

Under the terms of the Policy, the invested premium amount of the premium payment is

---

[1] These facts have been taken from the parties' respective submissions.

credited to predesignated investment accounts (the "Contract Fund").  The Contract Fund initially consists of the "invested premium amount, less any charges due on that day."  Def. Br. Ex. A at A-17.  Thereafter, the Contract Fund may increase or decrease based upon, among other things, additional premium payments, investment experience, and deduction of various charges described in the Policy ("adjustments").  The Policy specifically identifies the following adjustments that are subtracted from the Contract Fund each policy month: a "monthly charge for the expected cost of mortality;" a "sales expense;" "administrative expenses;" a charge "to guarantee that the insurance amount will not fall below the face amount;" any charge for "extra rating class" or "extra benefits;" and any applicable taxes.  Id. at A-6.

The term "expected cost of mortality" is defined in the Policy by a formula.  The charge is "up to the maximum monthly rate (see Table of Maximum Monthly Rates) multiplied by the coverage amount (described under Contract Fund)."  Id.  The Policy specifies how these two components are determined.  First, the maximum monthly rate is set forth in the Policy's "Table of Maximum Monthly Mortality Rates per $1000."  Id. at A-9.  The Policy states that "[t]hese monthly rates are based on the Commissioners 1980 Standard Ordinary Smokers Mortality Table."  Id.  The Policy also provides that Pruco Life "may charge less than these rates."  Id.  In other words, the Policy provides a maximum rate, but Pruco Life has discretion to charge less than the maximum.  Second, the "coverage amount," is defined in the Policy as "equal to the insurance amount... minus the contract fund."  Id. at A-17.  The "insurance amount" is, after certain adjustments, the proceeds paid in the event of the insured's death.  Id. at A-22.

In the Amended Complaint, Plaintiff asserts a single action for breach of contract against Pruco Life. Plaintiff alleges that Pruco Life, in violation of the Policy, has subtracted amounts for

the expected cost of mortality that exceeded the amounts allowed under the Policy. Plaintiff alleges that while Pruco Life can *only* consider its expected cost of mortality, during the Policy years of 2007-2009, twenty-five (25) to thirty-five (35) percent of the amounts Pruco Life subtracted from the Contract Fund were unrelated to the expected cost of mortality. Plaintiff alleges that Pruco Life impermissibly included amounts for expenses, taxes, and/or profits when calculating the charge for expected mortality, thereby breaching the Policy and subjecting Plaintiff, and the putative class, to overcharges.

Pruco Life moved to dismiss the Amended Complaint for failure to state a claim upon which relief could be granted.

## II.  Legal Standard

In deciding a motion under Rule 12(b)(6), the district court is "required to accept as true all factual allegations in the complaint and draw all inferences in the facts alleged in the light most favorable to the [Plaintiff]." Phillips v. Cnty. of Allegheny, 515 F.3d 224, 228 (3d Cir. 2008). "[A] complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). However, the Plaintiff's "obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. "[A court is] not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986). Instead, assuming that the factual allegations in the complaint are true, those "[f]actual allegations must be enough to raise a right to relief above a speculative level." Bell Atl. Corp. 550 U.S. at 555.

"A complaint will survive a motion to dismiss if it contains sufficient factual matter to

'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949 (2009) (citing Twombly, 550 U.S. at 570). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for misconduct alleged." Id. "Determining whether the allegations in a complaint are 'plausible' is a 'context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Young v. Speziale, 2009 WL 3806296, *3 (D.N.J. Nov. 10, 2009) (quoting Iqbal, 129 S.Ct. at 1950). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'shown'–that the pleader is entitled to relief." Iqbal, 129 S.Ct. at 1950.

The district court may consider "the allegations in the complaint, exhibits attached to the complaint, matters of public record, and documents that form the basis of a claim." Lum v. Bank of America, 361 F.3d 217, 222 n.3 (3d Cir. 2004). If a document is "'integral to or explicitly relied upon in the complaint'" it forms the basis of a claim. Id. (citing In re Burlington Coat Factory Sec. Litig., 114 F.3d 1410, 1426 (3d Cir.1997)). "The purpose of this rule is to avoid the situation where a plaintiff with a legally deficient claim that is based on a particular document can avoid dismissal of that claim by failing to attach the relied upon document." Id. By relying on the document to form the basis of a claim, "the plaintiff is on notice that the document will be considered." Id. "When allegations contained in a complaint are contradicted by the document it cites, the document controls." In re PDI Sec. Litig., No. 02-CV-0211, 2005 WL 2009892, *21 (D.N.J. Aug. 17, 2005).

**III.     Discussion**

Under Missouri law,[2] "insurance policies are contracts; thus, the rules of contract construction apply." American Family Mut. Insur. Co. v. St. Clair, 295 S.W.3d 586, 591 (Mo. App. 2009). "[T]he function of this court is to interpret and enforce an insurance policy as written; not to rewrite the contract." Krombach v. Mayflower Insur. Co., Ltd., 785 S.W.2d 728, 731 (Mo. App. 1990). "In construing an insurance policy, the words must be given their plain meaning, consistent with the reasonable expectations, objectives, and intent of the parties." Id.; see also Shahan v. Shahan, 988 S.W.2d 529, 535 (Mo. 1999). "Applying rules of construction is unnecessary when a contract provision is clear and unambiguous." Id.

Pruco Life argues that the Amended Complaint must be dismissed because, based on the plain, unambiguous language of the Policy, Plaintiff has not alleged, and cannot allege, that Pruco Life ever failed to follow the Policy formula or imposed a higher monthly rate than the Policy permitted, and therefore Plaintiff cannot sustain a claim for breach of contract. Pruco Life argues that the Policy clearly and unambiguously defines the formula for calculating the expected cost of mortality: "up to the maximum monthly rate (see Table of Maximum Monthly Rates) multiplied by the coverage amount (described under Contract Fund)." Def. Br. Ex. A at A-6. The table of mortality rates lists, from age 35 to 99, the maximum monthly mortality rate that Pruco Life may charge, and the Policy provides that "[t]hese monthly rates are based on the Commissioners 1980 Standard Ordinary Smokers Mortality Table," id. at A-9, which is a widely used mortality table expressly referenced in insurance statutes. See e.g. Mo. St. §

---

[2]Pruco Life argues that Missouri law applies based on choice of law rules and Restatement § 192 cmt. c. For the purposes of this motion, Plaintiff concedes that Missouri law applies.

376.670.10(b)(8); N.J.S.A. § 17B:25-19(h)(viii).  The Policy also provides that Pruco Life "may charge less than these rates," id., but it is not required to charge less.  Accordingly, Pruco Life argues that under the terms of the Policy, the only thing Pruco Life promised, and the only reasonable expectation that Plaintiff could have regarding the monthly mortality charge, is that the charge would not exceed the maximum set forth in the Policy.

Plaintiff tries to rebut Pruco Life's arguments by continually pointing to the allegations in the Amended Complaint,[3] and repeatedly emphasizing the word "mortality" within the term "expected cost of mortality."  However, this Court is not persuaded.  While Plaintiff correctly asserts that this Court cannot rewrite the Policy, ironically, that is exactly what Plaintiff is asking this Court to do because that is the only way to sustain Plaintiff's claim for breach of contract. There are several ways Plaintiff wants this Court to rewrite the terms of the Policy.  For example, Plaintiff wants this Court to insert the word "only" and/or "true" into "expected cost of mortality" so that the Policy is akin to "Defendant can only consider its expected cost of mortality" or "the expected cost of mortality must be limited to the true cost of mortality."[4] Plaintiff also wants this Court to rewrite the Policy to include "prohibitions" as to Pruco Life so that Pruco Life is prohibited "from adding expenses, taxes, and/or profits to the expected cost of

---

[3]Plaintiff argues that this Court must accept all factual allegations in the Amended Complaint as true.  While this is of course the general rule on a motion to dismiss, it is incorrect to suggest that this Court must accept Plaintiff's allegations as to the provisions of the Policy as true if such allegations are contradicted by the terms of the Policy.  "When allegations contained in a complaint are contradicted by the document it cites, the document controls."  In re PDI Sec. Litig., No. 02-CV-0211, 2005 WL 2009892, *21 (D.N.J. Aug. 17, 2005).

[4]As a general proposition, and business practicality, this Court notes that it would be difficult if not impossible to calculate the "true" expected cost of mortality for any given individual insured.

mortality charge." Unfortunately for Plaintiff, no such language is included in the Policy. Instead, the Policy clearly defines the formula used to calculate the expected cost of mortality:[5] the mortality rate, of up to the maximum monthly rate set forth in the Policy's Table of Maximum Monthly Mortality, multiplied by the coverage amount. If Pruco Life exercises its discretion and charges less than the maximum monthly rate, there is nothing in the Policy that dictates how much less Pruco Life must charge or what factors must be taken into account in making such a determination. Therefore, under the terms of the Policy, Pruco Life was required to follow the formula and prohibited from exceeding the maximum rate in calculating the expected cost of mortality- nothing more, nothing less.

Based on the plain language of the Policy, Pruco Life has not breached the contract. Pruco Life followed the formula for the expected cost of mortality as defined in the Policy, and did not exceed the maximum rate allowed under the Policy. Accordingly, Pruco Life's motion to dismiss for failure to state a claim must be **granted**.

## IV. Conclusion

For the reasons stated, Defendant's motion to dismiss pursuant to Rule 12(b)(6) is granted.

                                                                  S/ Dennis M. Cavanaugh
                                                                   Dennis M. Cavanaugh, U.S.D.J.

Date:        September  29 , 2011
Orig.:        Clerk
cc:          All Counsel of Record
             Hon. Mark Falk, U.S.M.J.

---

[5]Given plain, unambiguous language relating to the charge for expected cost of mortality, this Court cannot find that this clearly defined term, i.e. "expected cost of mortality," means something other than what is explicitly stated within the Policy.